IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE STATON, | ) |
|     Petitioner, | )      3:11-cv-00144 |
| | ) |
| v. | ) |
| | ) |
| LOUIS S. FOLINO, | ) |
| et al. | ) |
|     Respondents. | ) |

**MEMORANDUM OPINION**

Before the Court is Andre Staton's *pro se* petition for a writ of habeas corpus and request for appointment of federal habeas counsel.[1] (ECF No. 1). For the reasons set forth below, the Court will deny his request for appointment of counsel without prejudice and dismiss his *pro se* petition without prejudice. The Court will also direct the Clerk of Courts to close this case.

**I.**

Staton was tried in the Court of Common Pleas of Blair County on homicide and related charges at Criminal Docket No. CP-07-CR-0001850-2005.[2] On May 2, 2006, a jury found him

---

[1] Section 3599(a)(2) of Title 18 states that: "In any post-conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall to be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f)." This provision grants a first time, indigent, capital habeas corpus petitioner "a mandatory right to qualified legal counsel." McFarland v. Scott, 512 U.S. 849, 854 (1994).

[2] The state courts' docket sheets are available online at http://ujsportal.pacourts.us and this Court takes judicial notice of them.

guilty of first-degree murder and related crimes. Following a separate penalty hearing, the jury returned a sentence of death.

Staton filed a direct appeal with the Supreme Court of Pennsylvania at Capital Appeal Docket No. 538. Thomas N. Farrell, Esq., represents him in that proceeding. The Supreme Court of Pennsylvania held oral argument on October 18, 2011.

Notwithstanding that Staton's challenge to his state judgment of sentence is on direct appeal before the Supreme Court of Pennsylvania, he has filed with this Court a *pro* se petition for a writ of habeas corpus in which he challenges that same judgment of sentence. He also requests that this Court appoint him federal habeas counsel.

## II.

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that the petitioner's judgment of sentence was obtained in violation of his rights under the United States Constitution. 28 U.S.C. § 2254(a).[3] In his petition, Staton claims that he was denied a fair trial in violation of his due process rights. He specifically asserts that the judge who presided over his trial had "emotional ties" with the victim and was biased against him. He also contends that he was subjected to an illegal search and seizure, in violation of his Fourth Amendment rights.

---

[3] Section 2254(a) provides that a district shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground *that he is in custody in violation of the Constitution* or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). There are no applicable federal statutes or treaties.

A federal habeas petitioner must complete the exhaustion of his available state court remedies before a federal district court may determine the merits of his or her habeas corpus claims. The exhaustion requirement is codified at 28 U.S.C. § 2254(b)(1)(A), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A)   the applicant has exhausted the remedies available in the courts of the State[.]

28 U.S.C. § 2254(b)(1)(A). The statute further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an

initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).  "[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."  Coleman, 501 U.S. at 731 (citing Ex parte Royall, 117 U.S. 241; Lundy, 455 U.S. 509; Castille v. Peoples, 489 U.S. 346 (1989); and 28 U.S.C. § 2254(b)).

Staton's direct appeal is pending before the Supreme Court of Pennsylvania.  Therefore, he has not completed the exhaustion of any federal constitutional claim that he has raised in that proceeding.  In the event that he does not receive the relief he seeks on direct review, he will have the opportunity to raise additional federal constitutional challenges to his conviction and his capital sentence in a state collateral appeal pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.

Under the circumstances presented here, the Court must dismiss this case without prejudice.[4]  See, e.g., Lundy, 455 U.S. at 515-22.  Staton's request that the Court appoint him

---

[4]   District courts have the authority to stay and abey federal habeas cases in accordance with Rhines v. Weber, 544 U.S. 269 (2005), but there is no reason to do so in this case.  The issue of staying and abeying federal habeas cases is a fairly recent development necessitated by the interaction of the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1) and the pre-AEDPA rule set forth in Lundy that required that federal courts dismiss without prejudice habeas petitions that contain unexhausted claims.  Rhines, 544 U.S. at 275 ("As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims."); see also Heleva v. Brooks, 581 F.3d 187, 189-90 (3d Cir. 2009).  In Rhines, the Supreme Court held that in order to avoid predicaments that may arise in attempting to comply with AEDPA's statute of limitations while at the same time exhausting claims in state court, a state prisoner may file a "protective" habeas petition in federal court and ask the district court to stay and abey the federal habeas proceeding until state remedies are exhausted.  544 U.S. at 276-78.
  Rhines is not applicable to this case.  Staton cannot establish at the present time that he will have an issue complying with AEDPA's statute of limitations.  That limitations period will

federal habeas counsel will be denied without prejudice to his right to refile that request if, after the completion of his state court remedies, he commences another federal habeas proceeding.

An appropriate order follows.

Dated:  October 26, 2011                    /s/ Joy Flowers Conti
                                            Joy Flowers Conti
                                            United States District Court Judge

cc:
Andre Staton
GR-3024
SCI Green 175 Progress Drive
Waynesburg, PA 15601

---

begin to run on the date his judgment of sentence becomes final by the conclusion of direct review or the expiration of time for seeking such review, including the time for filing a writ of certiorari in the United States Supreme Court.  28 U.S.C. § 2244(d)(1)(A); <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d Cir. 2000).  If Staton does not receive relief on direct review and subsequently files a proper PCRA petition, AEDPA's limitations period will be tolled during the pendency of that state petition.  28 U.S.C. § 2244(d)(2).

5